IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY WOODS | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-575-MHT (WO) |
| MONTGOMERY MUNICIPAL COURT, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated at the Montgomery City Jail. He filed this 42 U.S.C. § 1983 on June 27, 2006 complaining that he has languished in the jail for the past five months on a misdemeanor assault charge. Plaintiff contends that his court date on this charge is repeatedly put off. He requests $1 million, credit for time served, and a bus ticket back home. Plaintiff names the Montgomery Municipal Court and the Montgomery City Jail as defendants. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process

is appropriate under 28 U.S.C. § 1915(e)(2)(B). [1]

## I. DISCUSSION

### A.    *The Montgomery City Jail*

The Montgomery City Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, Plaintiff's claims against this defendant are due to be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v Williams*, 490 U.S. 319, 327 (1989).

### B.    *The Montgomery Municipal Court*

Plaintiff names the Montgomery Municipal Court as a defendant. The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. *See Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of Plaintiff's complaint against the Montgomery Municipal Court is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

490 U.S. at 327.

C.   *The Pending Charge*

Finally, if the matters about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are currently pending before the Montgomery Municipal Court. They are, therefore, not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.  In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the city and/or state court system.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going city court criminal proceedings.  Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of

irreparable harm.  The mere fact that Plaintiff must endure criminal prosecution in the city courts fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45.  The court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 12, 2006** . Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo*

determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of June 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE